## In re FISCHER.
### Patent Appeal No. 2950.

Court of Customs and Patent Appeals.
April 4, 1932.

Albert F. Robinson, of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

The appellant has appealed from the decision of the United States Patent Office, rejecting claims 1, 2, and 3 of his application for a patent upon an improvement in expansion joints.

Claim 1 reads as follows: "1. An expansion joint comprising a preformed plastic strip embodying in its construction a homogeneous mixture of bituminous material and a vegetable straw having a solid pithy center, the bituminous material in said strip being over fifty (50) per cent. by weight of the material in the strip."

The two remaining claims are substantially the same, claim 3 having the added element that the bituminous element must be at least 75 per centum of the mixture.

The claims were rejected upon reference to appellant's patent 1,597,273, of August 24, 1926, and upon Brown et al., 1,369,911, of March 1, 1921. The rejection by the Board was upon the theory that, in view of Brown,

the appellant had already received a patent for all his patentable disclosure in his said prior patent 1,597,273.

Appellant's present application was filed July 30, 1925, and the application upon which his said patent was issued was filed December 26, 1925. They were, hence, copending.

As shown by appellant's claim 1, his alleged invention consists in mixing an excess of bituminous material with a solid straw material. The specification discloses that he proposes to use broom corn straw. No other kind of straw is therein referred to.

In appellant's said patent 1,597,273, the invention consists of an expansion joint composed of bituminous material and hollow straw, preferably cereal straw. However, the specification recites that the inventor does not restrict himself to cereal straw, but includes any straw that may be "easily compressed to a flattened condition." There are several claims in this patent which include a mixture of bituminous material and "straw," without limitation as to variety.

The reference patent to Brown et al. discloses a roof and wall composition composed of bituminous material, ashes, and broom corn straw. In the specification, the inventor fully discloses the advantages of broom corn straw in such a mixture.

We agree with the Board of Appeals in its conclusion that, in view of the prior art as disclosed by Brown et al., the appellant has disclosed no patentable matter here which is not fully protected by his claims in his existing patent 1,597,273. The effect, therefore, of allowing his claims herein would result in double patenting, and this will not be permitted. In re Swan, 46 F.(2d) 572, 18 C. C. P. A. 935; In re Slepian, 49 F.(2d) 835, 18 C. C. P. A. 1393; In re Laughlin, 48 F.(2d) 921, 18 C. C. P. A. 1239; In re Peiler, 48 F.(2d) 405, 18 C. C. P. A. 1102; In re La Montagne, 55 F.(2d) 486, 19 C. C. P. A. —.

It is complained by appellant that the arts of making wall or roofing material and expansion joints are not analogous, and that, therefore, the Brown et al. reference should not be urged against him here. It is sufficient to say that appellant's specification and claims herein describe a strip of material. The same thing is substantially true in the Brown et al. reference. While the use may be somewhat different, it is thought the arts are sufficiently analogous to make the refer-

ence proper. The new use claimed in the present application is so nearly analogous to that in the Brown et al. patent, that the applicability of this material to its new use would occur to a person of ordinary mechanical skill. In re Schneider, 47 F.(2d) 970, 18 C. C. P. A. 1114; In re Metzger, 45 F.(2d) 918, 18 C. C. P. A. 808; C. & A. Potts & Co. v. Creager, 155 U. S. 597, 15 S. Ct. 194, 39 L. Ed. 275.

The decision of the Board of Appeals is affirmed.